# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MABELI SALGUERO,

    Plaintiff,

v.    Case No. 3:24-cv-515-TJC-PDB

WAL-MART STORES EAST, L.P.,

    Defendant.

## ORDER

Upon review of the file in this removal case, the Court issued an order questioning whether the amount in controversy was satisfied for purposes of diversity jurisdiction (the only possible grounds for exercising subject matter jurisdiction in this case). See Doc. 16. In response, defendant filed plaintiff's proposal for settlement upon which defendant was relying [1] and other documentation of plaintiff's injuries and treatment in defendant's possession as of the date of removal. See Doc. 18, Ex 1-6. As the party seeking to invoke the Court's diversity jurisdiction where the amount claimed in the complaint is not specific, defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold.[2]

---

[1] Defendant's notice of removal also relies on the state court civil cover sheet (stating the amount in controversy exceeds $100,000), which was included in the removal papers.

[2] Even in the absence of a challenge, the Court has a duty to ensure its

<u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001).

Plaintiff's complaint alleges she suffered bodily injuries when she fell after slipping on a grape at Wal-mart.[3] Her answers to interrogatories and medical records supplied by defendant (Doc. 18 exhibits) reveal that plaintiff complains of numbness, tingling, and pain which impacts her ability to sleep, perform housekeeping, prepare food and work. Plaintiff had two visits to the emergency room where she complained of pain in her hip, leg, knee, buttocks and hand. She received X-rays of her hand, hip, leg and ankle, and a later MRI of her hip. Her diagnoses included sciatica and a muscle strain in her hip or partial thickness tear with trace bursitis. Plaintiff's treatment course included pain medications and steroids, as well as several weeks of physical therapy, which she reported was successful in providing improved strength and range of motion in her hip. She missed two days of work for medical visits. The medical bills of record for the period postdating the alleged Walmart fall (some predate it) total approximately $1,200. Plaintiff's state court complaint states

---

subject matter jurisdiction is properly invoked. <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 514 (2006). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly [and] . . . all doubts about jurisdiction should be resolved in favor of remand to state court." <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 411 (11th Cir. 1999) (citations omitted).

[3] Plaintiff's allegations of damages include the same generic, conclusory allegations of nearly every personal injury complaint, which are not helpful in determining the amount in controversy.

2

that the damages are in excess of $50,000 (the state circuit court threshold), her civil cover sheet says the amount in controversy exceeds $100,000, and her proposal for settlement seeks $2,000,000 but includes no detail whatsoever to support that amount.

On this record, the Court finds defendant has failed to carry its burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000 exclusive of interest and costs. The case is therefore due to be remanded. See, e.g., Martinez-Lopez v. Bowden, No. 3:23-cv-736-TJC-LLL, 2024 WL 1252381, at *3 (M.D. Fla. Mar. 25, 2024) (explaining that "[d]efendants must point to some additional evidence which, taken together with the civil cover sheet, establishes the amount in controversy); Krause v. Kohl's, Inc., No. 5:23-cv-722-TJC-PRL, 2024 WL 1283692 (M.D. Fla. Mar. 26, 2024) (remanding case where plaintiff's proposal for settlement and demand letter were conclusory and no other evidence supported a finding that the amount in controversy was satisfied); Williams v. Circle K Stores, Inc., No. 3:21-cv-723-TJC-MCR, 2021 WL 4033308 (M.D. Fla. Sept. 3, 2021) (declining to assume that demand letter seeking $300,000 was more than mere puffery and posturing).

Accordingly, it is hereby

**ORDERED**:

This case is remanded to the Fourth Judicial Circuit Court, in and for Duval County, Florida. A certified copy of this order shall be delivered to the clerk of that court. Following remand, the Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of December, 2024.



TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies to:

Counsel of record

Clerk of Court, Fourth Judicial Circuit Court, in and for Duval County, Florida

4